## CHAMBERS v. CHAMBERS.

(Supreme Court, Special Term, New York County. January, 1895.)

1. EVIDENCE—DOCUMENTS—CHURCH REGISTER.
    A church register is not admissible as evidence of the facts therein recited, as it is not a book required to be kept by law.
2. MARRIAGE—ACTION TO ANNUL—EVIDENCE.
    In an action to annul a marriage on the ground of a previous existing marriage, alleged to have been contracted seven years before, the requirement of Code Civ. Proc. § 1753, that "the declaration or confession of either party to the marriage is not alone sufficient as proof, but other sat-

isfactory evidence of the facts must be produced," is not satisfied by the production of a church register purporting to contain an entry of the marriage in question, without producing the clergyman who solemnized it, or the alleged husband by the previous marriage, though he was accessible.

Action to annul a marriage. Plaintiff moved to confirm the report of the referee. Denied.

Samuel Tuttle, for plaintiff.

Reuben Mapelsden, for defendant.

BEEKMAN, J. In an action to annul a marriage on the ground of a previous marriage of the defendant, which is still in force, section 1753 of the Code of Civil Procedure prescribes, among other things, that a final judgment annulling the marriage shall not be rendered by default without proof of the facts upon which the allegation of nullity is founded, and also that "the declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced." The proofs in this case, which were taken before the referee, do not seem to satisfy this requirement. Substantially the only proof of the previous marriage complained of consists of the declarations of the defendant, testified to by the plaintiff. A marriage register of the Reformed Church at Belleville, N. J., purporting to contain an entry of the marriage in question, was produced by the minister in charge, and the entry read in evidence. The witness who produced the book, however, did not himself solemnize the marriage, was not present when it took place, and could not do more than identify the book, and state that the entry was made during the incumbency of one of his predecessors. No reason appears why the clergyman who made it was not produced as a witness, and proof of the fact made through him. Books of this character do not prove themselves, nor are they prima facie evidence of the statements they contain. The rule here is the same as in England, that the keeping of the book must be required by law in order to give it credit as prima facie proof, and it is on this ground only that the English courts have admitted parish registers in evidence as proof of their contents. Of course, where the event recorded is old, and from the nature of the case better evidence cannot be obtained, it may be, in a certain class of cases, that the record would be admitted as a circumstance tending, with others, to satisfy a reasonable mind that the fact to be proved did exist; but that is not at all this case. The alleged previous marriage is stated to have taken place on March 12, 1887, and it should not be difficult to obtain competent proof of the fact. Nor is there satisfactory evidence, outside of her own declaration, of the identity of the defendant with the woman whose marriage is so recorded. It appears from the proofs that the person claimed to be her husband by the previous marriage is accessible, but he was not produced before the referee, and no reason appears for his not being examined. Without attempting further to discuss the evidence, some of which strikes me as improbable, I am not willing to grant the relief asked for on the

case as it has been submitted to me. The action is one of the gravest character, and the judgment asked for should not be granted unless the proofs are competent, clear, and convincing, especially as there is a child by the marriage, whose status will be gravely affected by the action of the court. The fact that the defendant has made default in pleading does not relieve the plaintiff from the necessity of making such proof. The case should go back to the referee for further proof. Let an order be submitted to me accordingly.